# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| SWIFT AIR, LLC, | Case No.: 2:12-bk-14362-DPC |
| Reorganized Debtor. | Adversary No. 2:14-ap-00534-DPC |
| MORRISANDERSON & ASSOCIATES, LTD., Litigation Trustee for the Reorganized Debtor, | **ORDER CERTIFYING QUESTIONS TO ARIZONA SUPREME COURT**[1] |
| Plaintiff, | |
| v. | |
| REDEYE II, LLC, a Connecticut limited liability company; BRIAD DEVELOPMENT WEST, LLC, a New Jersey limited liability company; JERRY MOYES and VICKIE MOYES, husband and wife; JERRY AND VICKIE MOYES FAMILY TRUST; SWIFT AIRCRAFT MANAGEMENT, LLC; INTERSTATE EQUIPMENT LEASING, LLC, a Delaware liability company; SME STEEL CONTRACTORS, INC., a Utah corporation; SWIFT AVIATION GROUP, INC., an Arizona corporation; SWIFT AVIATION MANAGEMENT, INC., an Arizona corporation; SWIFT AVIATION SALES, INC., and Arizona corporation; | |

---

[1] Concurrent with the entry of this Order, in the case of Sky Harbor Hotel Properties, LLC v. Patel Properties, LLC, 2:18-ap-00126-PS, Bankruptcy Judge Paul Sala is entering an Order certifying similar questions to the Arizona Supreme Court.

1

| | |
|---|---|
| 1 | TRANSPORT RISK MANAGEMENT, ) |
| | INC., an Arizona Corporation; ) |
| 2 | TRANSPAY, INC., an Arizona ) |
| | Corporation; OPULENT ENTERPRISES, ) |
| 3 | INC., a North Carolina Corporation; ) |
| 4 | OPULENT AIR, LLC, a North Carolina ) |
| | limited liability company; TRANSJET, ) |
| 5 | INC., a North Carolina corporation; ) |
| | TRANSJET 1, L.L.C., a North Carolina ) |
| 6 | limited liability company; TRANSJET 2, ) |
| 7 | L.L.C., a North Carolina limited liability ) |
| | company; TRANSJET 3, L.L.C., a North ) |
| 8 | Carolina limited liability company; ) |
| | TEAMJET, L.L.C., a North Carolina ) |
| 9 | limited liability company; TEAMJET ) |
| | HOLDINGS, L.L.C., a North Carolina ) |
| 10 | limited liability company; TEAMJET ) |
| 11 | ENTERPRISES, INC., a North Carolina ) |
| | corporation; SPORTS JET, LLC, a North ) |
| 12 | Carolina limited liability company; ) |
| | LUXURY AIR, LLC, a North Carolina ) |
| 13 | limited liability company; LUXURY ) |
| 14 | ENTERPRISES, INC., a North Carolina ) |
| | corporation; and J. KEVIN BURDETTE ) |
| 15 | and JANE DOE BURDETTE, AND JOHN ) |
| | DOE AND JANE DOE 1-10; ABC ) |
| 16 | CORPORATION 1-10; and ABC ) |
| 17 | PARTNERSHIP 1-10. ) |
| | ) |
| 18 | Defendants. ) |

## I.   <u>CERTIFIED QUESTIONS</u>

MorrisAnderson & Associates, Ltd., the litigation trustee ("Trustee") for the reorganized chapter 11 debtor, Swift Air, LLC ("Debtor"), filed an adversary complaint against defendants Jerry Moyes ("Moyes"), Kevin Burdette ("Burdette"), Redeye II, LLC and several other entities (collectively "Defendants"), alleging, among other claims, that Moyes and Burdette breached fiduciary duties they owed to the Debtor.

2

This Court respectfully requests, pursuant to A.R.S. § 12-1861 and Arizona Supreme Court Rule 27, that the Arizona Supreme Court exercise its discretion to answer the following certified questions:

    **1. Whether managers and/or members of an Arizona LLC owe fiduciary duties to the LLC?**

    **2. Whether the terms of an Arizona LLC's operating agreement may lawfully limit or eliminate those fiduciary duties?**

## II.    BACKGROUND FACTS

On October 1, 2013, this Court confirmed the Debtor's chapter 11 bankruptcy plan of reorganization. That plan provided for the retention and assignment of all causes of action in a creditor trust. The confirmed plan also provided for the Trustee, as the successor in interest to the Debtor, to have the exclusive right to sue upon, settle, or compromise any and all assets of the creditor trust.

On June 27, 2014, the Trustee commenced an adversary proceeding against Defendants. On November 3, 2015, the Trustee filed a Third Amended Complaint against Defendants asserting claims for: (1) fraudulent transfers; (2) preferential transfers; and (3) breaches of fiduciary duties. On August 24, 2018, the Trustee filed a Motion for Summary Judgment on the Breach of Fiduciary Duty Claim.[2]

According to the Trustee, Defendants Moyes and Burdette breached fiduciary duties they owed to Debtor by engaging in self-dealing and entering into a series of unfair transactions which left the Debtor insolvent and with negative working capital. Defendants' Response to the Motion for Summary Judgment on the Breach of Fiduciary Duty Claim raised the defense that the Debtor's operating agreement expressly limited the

---

[2] Defendants previously filed a Motion for Summary Judgment on the Breach of Fiduciary Duty Claim. The Court heard oral argument on Defendants Motion on October 18, 2018 and issued an Order Denying the Motion on December 7, 2018. Defendants did not then raise an issue as to whether a member of an Arizona LLC owed a fiduciary duty to the LLC. Defendants first asserted this argument in their Response to Plaintiff's Motion for Summary Judgment.

liability of its members, managers, and directors. Defendants also relied on *TM2008 Invs., Inc. v. Procon Cap. Corp.*, 323 P.3d 704, 707-08 (Ariz. App. 2014) for the proposition that members of an Arizona LLC do not owe fiduciary duties to the LLC. Immediately prior to oral argument, Defendants filed a Notice of Supplemental Controlling Authority from the Arizona Supreme Court citing *Butler Law Firm, PLC v. Higgins*, 243 Ariz. 456, 462 (2018) for the proposition that LLC members do not owe each other fiduciary duties unless they are expressly included in the LLC's operating agreement. Defendants also argued that the Arizona legislature recently passed LLC statute amendments which become effective on September 1, 2019 and specifically address the duties members of an LLC owe to each other and to the LLC. Defendants argue that because the legislature specifically addresses these issues, the presently effective LLC statutes did not create such duties.

The Trustee's Reply cites *Sports Imaging of Arizona, LLC v. the 1993 CKC Trust*, 2008 WL 4448063 (Ariz. App. 2008) for the proposition that a manager of an Arizona LLC may be held liable for breaching a fiduciary duty to an LLC. The Trustee also provided the Court with legislative history contending it indicates the legislature intended for managers, employees, officers, and agents of limited liability companies to have the same liability as corporate officers and directors.[3] The Trustee also relied on several Arizona cases involving fiduciary duties owed by officers and directors to corporations.

Neither party was able to cite the Court to Arizona precedential authority on the direct questions raised in the Motion for Summary Judgment: whether a member or manager of an Arizona LLC owes a fiduciary duty to the LLC and whether that duty can be limited or eliminated in the LLC's operating agreement?

---

[3] See Arizona Senate Final Revised Fact Sheet for S.B. 1084 limited liability company act, p. 7 ("Clarifies that members, managers, employees, officers, or agents of limited liability companies have the same liability as similar corporate officers and directors."); See also House Minutes on S.B. 1084, limited liability company act ("this bill will create limited liability companies that have the same income tax implications and liabilities as corporations.").

While the Court of Appeals decision in *Procon* does stand for the proposition that a member of an Arizona LLC does not have common law fiduciary duties to other members, it does not address whether the members owe such duties to the LLC itself. In *Procon*, the trial court denied a motion to dismiss finding that "appellate courts will likely find…a fiduciary duty owed by a member of an LLC such as Doveland to another member." *Procon* at 707. Thereafter, the jury was instructed that:

> Members in an LLC owe a special duty to one another, which is called a fiduciary duty. This duty requires Members to deal in utmost good faith with one another and fully disclose to one another all material facts relating to the LLC's affairs within their knowledge.

*Procon* at 709. The Arizona Court of Appeals reversed holding that the trial court erred by imputing a common law fiduciary duty to an LLC member based solely on principles applicable to closely-held corporations and/or partnerships. *Procon* at 708. The court noted that the Arizona LLC Act does not refer to any baseline fiduciary duties that members of the LLC owe to the LLC or one another. Refusing to mechanically apply fiduciary duty principles from the law of closely held corporations or partnerships to a limited liability company organized under Arizona law, the court instead looked to A.R.S. § 29-682(B) which allows members to create an operating agreement that delineates the duties members owe to each other. The Court of Appeals held that the jury should have been advised of those delineated duties instead of common law fiduciary duties applicable to closely held corporations and partnerships.

Other cases brought to this Court's attention provide little guidance. For example, in *Butler Law Firm, PLC v. Higgins*, 410 P.3d 1223, 1229 (Ariz. 2018), the Supreme Court does cite to *Procon* for the statement that "LLC members do not owe each other fiduciary duties unless they are expressly included in the LLC

operating agreement." However, that case concerned a venue issue and the question of duties owed by members to the LLC was not before the court.

### III.   <u>PARTIES</u>

A. <u>Plaintiff</u>

Scott R. Goldberg
Dale C. Schian
Schian Walker P.L.C.
(602) 277-1501
1850 N. Central Ave., Suite 900
Phoenix, AZ 85004-4531
scott@biz.law
dale@biz.law

Kim R. Maerowitz
The Maerowitz Law Firm
15300 N. 90th St., #200
Scottsdale, AZ 85260
kmaerowitz@maerowitz.com

B. <u>Defendants</u>

Thomas J. Salerno
Alisa C. Lacey
Anthony P. Cali
Stinson Leonard Street, LLP
(602) 279-1600
1850 North Central Ave., #2100
Phoenix, AZ 85004-4584
Thomas.salerno@stinsonleonard.com
Alisa.lacey@stinson.com
Anthony.cali@stinsonleonard.com

**Accordingly**,

**IT IS HEREBY ORDERED** certifying questions of Arizona law to the Arizona Supreme Court.

**IT IS FURTHER ORDERED** directing the Clerk of the U.S. Bankruptcy Court for the District of Arizona to attach a copy of this Court's docket sheet to this Order.

6

1      **IT IS FURTHER ORDERED** directing the Clerk of the Bankruptcy Court for the

2    District of Arizona to send the original and six copies of this Order to the Arizona Supreme

3    Court pursuant to Arizona Supreme Court Rule 27.

4      **IT IS FURTHER ORDERED** that, pursuant to Arizona Supreme Court Rule

5    27(D), the parties shall share the required filing fees equally, with Plaintiff responsible for

6    one-half (50%) and Defendants collectively responsible for one-half (50%).

7      **DATED AND SIGNED ABOVE.**