SO ORDERED.

Dated: February 7, 2019

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Proceedings |
| | ) | |
| SWIFT AIR, LLC, | ) | Case No.: 2:12-bk-14362-DPC |
| | ) | |
| Reorganized Debtor. | ) | Adversary No. 2:14-ap-00534-DPC |
| | ) | |
| | ) | |
| MORRISANDERSON & ASSOCIATES, | ) | |
| LTD., Litigation Trustee for the | ) | |
| Reorganized Debtor, | ) | **UNDER ADVISEMENT ORDER** |
| | ) | **RE MOTION IN LIMINE NO. 1** |
| Plaintiff, | ) | **(LEGACY RECEIVABLE)** |
| | ) | |
| v. | ) | |
| | ) | |
| REDEYE II, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before this Court is Defendants' January 29, 2019 Motion in Limine No. 1: Motion to Exclude Evidence Concerning the Legacy Receivable Transaction ("Motion") (DE 447) seeking to preclude Plaintiff's introduction of "any evidence or argument regarding the Legacy Receivable transaction at trial, or with respect to further proceedings in this case." The Court hereby denies the Motion but limits Plaintiff's introduction of evidence or argument concerning the Legacy Receivable[1] to the extent MorrisAnderson & Associates,

---

[1] Legacy Aircraft Partners, LLC ("Legacy") allegedly owed Debtor the sum of $3,985,634 ("Legacy Receivable") as of January 1, 2011. Debtor allegedly transferred the Legacy Receivable to Jerry Moyes ("Moyes") in September 2011 to reduce Swift Air, LLC's ("Debtor") obligation to Moyes under a promissory note payable to him ("Moyes Note"). This transaction will hereafter be referred to as the "Legacy Transaction."

1

Case 2:14-ap-00534-DPC    Doc 461    Filed 02/07/19    Entered 02/07/19 16:51:00    Desc
Main Document      Page 1 of 4

1 Ltd. ("Plaintiff") contends (1) that the Legacy Receivable existed because of actions or
2 inactions by or at the direction of one or more of the Defendants, (2) that the Legacy
3 Receivable was an asset of Debtor which one or more of the Defendants caused to be paid
4 to Moyes to be applied to reduce the Debtor's debts owed under the Moyes Note, and/or
5 (3) that such actions or inactions by the Defendants constitute evidence that Defendants
6 breached their fiduciary duties to the Debtor. The Court will not consider evidence
7 concerning the collectability of the Legacy Receivable or the Debtor's solvency or
8 insolvency when the Legacy Receivable was allegedly transferred to Moyes to be applied
9 to the Moyes Note. Rather, the Court will assume that, from January 1, 2011, forward,
10 the Legacy Receivable was uncollectible and the transfer of the Legacy Receivable did
11 not alter the solvency or insolvency of the Debtor.

12 Although Plaintiff at one point in this adversary proceeding contended the Legacy
13 Transaction was part and parcel of the "Spinoff Transaction" (see Plaintiff's October 23,
14 2015 Reply, DE 89), this Court found otherwise in its Order dated July 20, 2018 (DE 311).
15 For this, and other reasons, the Court denied Plaintiff's motion to amend the complaint
16 (for the third time) to add a claim to avoid the Legacy Transaction as a preference under
17 § 547 of the Bankruptcy Code. The denial of Plaintiff's motion to add that preference
18 claim, however, was not a complete bar to introducing evidence at trial related to the
19 Legacy Transaction. In fact, at oral argument on Plaintiff's motion to permit the filing of
20 Plaintiff's third amended complaint, Plaintiff's counsel advised the Court and Defendants
21 that the fact of the Legacy Transaction would be introduced at trial as a piece of evidence
22 tending to support Plaintiff's claims that Defendants breached their fiduciary duties to
23 Debtor. It should, therefore, have come as no surprise to Defendants that Plaintiff's
24 apparently indicated in a draft of the yet-to-be-filed joint pretrial statement that Plaintiff
25 would introduce at trial evidence concerning the Legacy Transaction.

26

Importantly, at the February 6, 2019 oral argument on the Motion, Plaintiff's counsel noted that facts related to the Legacy Transaction would not be introduced for the purpose of measuring damages sought by Plaintiff. Rather, Plaintiff simply wished to bolster its contention that the Defendants breached their fiduciary duties to Debtor by engaging in the Legacy Transaction and other transactions involving the Debtor's assets and liabilities. This much was pled in Plaintiff's third amended complaint. With this in mind, this Court views the collectability of the Legacy Receivable at any time on or after January 1, 2011, as irrelevant. The Court will not admit evidence concerning the collectability of the Legacy Receivable. Moreover, the solvency or insolvency of the Debtor at the time of the Legacy Transaction is irrelevant to questions involving the preference and fraudulent transfer claims (Counts 1 through 5) asserted by Plaintiff. The Court will, therefore, not admit evidence pertaining to the solvency or insolvency of the Debtor at the time of the Legacy Transaction. Were the Court to allow evidence of the collectability of the Legacy Receivable or the Debtor's solvency or insolvency at the time of the Legacy Transaction, this Court finds the Defendants would be significantly prejudiced at this late date.

Plaintiff's breach of fiduciary duty complaint need not list each and every event or transaction which tends to support this claim. By Plaintiff alleging in the complaint that Debtor's assets were used to pay Moyes and/or entities controlled by him to the detriment of Debtor's non-insider creditors, Defendants were on notice that transactions like the Legacy Transaction might be introduced at trial in support of these allegations.

Defendants' Motion is largely directed at Plaintiff's efforts to assert <u>claims</u> related to the Legacy Transaction. The Court has already barred Plaintiff's efforts to add those <u>claims</u>. The Court, however, did not bar the introduction of all evidence pertaining to the Legacy Transactions. The Court will admit evidence of the Legacy Transactions but only under the limitations outlined above. Such evidence cannot increase the size of the

3

damages sought by Plaintiff but may be used to support claimed liability of Defendants on Plaintiff's breach of fiduciary duty claims.

**IT IS HEREBY ORDERED** denying Plaintiff's Motion.

**DATED AND SIGNED ABOVE.**