SO ORDERED.

Dated: February 11, 2019

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| SWIFT AIR, LLC, | Case No.: 2:12-bk-14362-DPC |
| Reorganized Debtor. | Adversary No. 2:14-ap-00534-DPC |
| MORRISANDERSON & ASSOCIATES, LTD., Litigation Trustee for the Reorganized Debtor, | **UNDER ADVISEMENT ORDER RE MOTION IN LIMINE NO. 2 (ALTER EGO/PIERCING THE VEIL)** |
| Plaintiff, | |
| v. | |
| REDEYE II, LLC, et al., | |
| Defendants. | |

Before this Court is the Defendants' January 30, 2019 Motion ("Motion") in Limine No. 2: Motion to Exclude Evidence Concerning Alter Ego, Piercing the Corporate Veil and to Enforce the Law of the Case (DE 451). The Motion seeks this Court's order precluding Plaintiff "from seeking any relief based on alter ego/piercing of the corporate veil." The Motion is granted to the extent Plaintiff seeks this Court's finding at trial that, if any of the Defendants are held liable to Plaintiff, then one or more of the other Defendants are liable to Plaintiff on the same claim and for the same amount. Put another way, when Plaintiff stipulated to dismiss from the Third Amended Complaint ("Complaint") Count Ten (Declaratory Relief for Single Business Enterprise) and Count

1

Eleven (Declaratory Relief to Pierce the Corporate Veil), Plaintiff abandoned such claims and are no longer entitled to seek relief on those two claims.

Plaintiff's dismissal of Counts Ten and Eleven, however, does not bar Plaintiff from introducing evidence at trial which could support other relief on such evidence, it only bars Plaintiff from obtaining relief on the dismissed claims. For example, Plaintiff may seek to introduce evidence in support of Count Six (Breach of Fiduciary Duty) or in support of the allegations contained in paragraph 74 of Count One (Fraudulent Conveyance Under §§ 544, 548 and 550) even though that same evidence might have also supported an alter ego claim. Plaintiff will not be entitled to a finding that such evidence supports a piercing of the veil of any of the Defendant entities but such evidence might nonetheless successfully establish (or aid in the establishment) of Plaintiff's Count Six or Count One. Dismissal of Counts Ten and Eleven precludes Plaintiff from obtaining relief on those claims but does not preclude Plaintiff from introducing evidence that might have been relevant to such claims if that evidence is otherwise relevant to remaining claims. Of course, if that evidence is not relevant to any of Plaintiff's remaining claims, efforts to introduce that irrelevant evidence will be susceptible to objections to admissibility.

In the context of Defendants' motion to dismiss Plaintiff's first amended complaint, this Court required Plaintiff to clearly state in a subsequent amended complaint a claim for alter ego and/or piercing the veil. Plaintiff did so in Counts Ten and Eleven when Plaintiff filed the November 3, 2015, Complaint (DE 94). Whether this Court properly denoted alter ego or piercing the veil theories as claims or remedies is immaterial at this point. Plaintiff filed such claims and then agreed to dismiss those claims in the stipulation dated April 2, 2018 (DE 264). This Court then approved the parties' stipulation and dismissed Counts Ten and Eleven (DE 266). Alter ego and piercing the veil no longer exist as claims against Defendants nor can they be sought by Plaintiff as post-judgment remedies against an owner or officer of a Defendant entity that is found liable on one or

2
Case 2:14-ap-00534-DPC    Doc 466   Filed 02/11/19   Entered 02/11/19 08:35:04   Desc
Main Document    Page 2 of 3

more remaining claims in Plaintiff's Complaint. For this reason, footnote 2 of Plaintiff's Response (DE 455) is incorrect when Plaintiff suggests "[t]o the extent [Defendant] SAVM is claimed to be insolvent, alter ego may be a remedy, but that is not currently before the Court." Whether identified as a remedy or a claim, alter ego and piercing the veil are no longer before the Court because they were dismissed on April 2, 2018 in this Court's order approving the parties' stipulation for dismissal. Plaintiff will not be entitled to a finding by this Court that a judgment debtor entity Defendant in this Adversary Proceeding is the alter ego of any of its owners or officers nor will such entities' veil be pierced.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendants' Motion is hereby granted to the extent noted herein.

**DATED AND SIGNED ABOVE.**