SO ORDERED.

Dated: April 29, 2019

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Proceedings |
| | ) | |
| SWIFT AIR, LLC, | ) | Case No.: 2:12-bk-14362-DPC |
| | ) | |
| Debtor. | ) | Adversary No. 2:14-ap-00534-DPC |
| | ) | |
| MORRISANDERSON & ASSOCIATES, LTD., Litigation Trustee for the Reorganized Debtor, | ) ) ) | |
| | ) | **ORDER RE MOTION FOR** |
| Plaintiff, | ) | **CLARIFICATION OF THE** |
| | ) | **COURT'S FEBRUARY 11, 2019** |
| v. | ) | **ORDER** |
| | ) | |
| REDEYE II, LLC, et al., | ) | **[NOT FOR PUBLICATION]** |
| | ) | |
| Defendants. | ) | |

Before this Court is the Motion ("Motion") of Plaintiff, MorrisAnderson & Associates, Ltd., Litigation Trustee ("Plaintiff") for Clarification of Under Advisement Order Re: Motion in Limine No. 2 (Alter Ego/Piercing the Corporate Veil).[1] Defendants filed an Objection ("Objection") to the Motion.[2] Plaintiff filed a reply.[3] Oral argument was heard by this Court on April 17, 2019.

---

[1] DE 492 filed February 25, 2019.
[2] DE 505 filed March 12, 2019.
[3] DE 516 filed March 25, 2019.

The Motion professes a need for this Court to "clarify" its February 11, 2019 Order[4] where the Court held that, whether designated as claims or remedies, Plaintiff could no longer assert alter ego or piercing the veil arguments against the officers or owners of any of the Defendant entities. In essence, Plaintiff contends that a judgment in this adversary proceeding either in favor of Plaintiff or in Plaintiff's favor against any Defendant entity should then give the Plaintiff ability to pursue alter ego or veil piercing allegations against that entity's officers and owners. Plaintiff's Motion is denied because this issue was addressed when the Court ordered Plaintiff to amend its Second Amended Complaint[5] to add claims for alter ego instrumentality and/or piercing the veil should Plaintiff believe it had the facts supporting such claims. Plaintiff, in fact, amended its complaint by adding Counts Ten and Eleven in Plaintiff's Third Amended Complaint[6] but then several years later voluntarily dismissed those claims.[7] The 2019 trial in this adversary proceeding did not include such claims. This Court's February 11, 2019 Order made clear why alter ego and piercing the veil claims and remedies were and are no longer available to Plaintiff.

Notwithstanding the above, it is worth noting that Plaintiff's claims for piercing the veil, alter ego and instrumentality were based upon certain events and transactions that occurred prior to Debtor's June 27, 2012 bankruptcy filing ("Petition Date"). Should Plaintiff prevail on any of its claims in this adversary proceeding against any of the Defendant entities, the Trustee may well learn in post-judgment discovery that post-Petition Date transactions or events warrant this Court's finding that the officers or owners of such entity became one and the same as that entity. If so, this Court's February 11, 2019 Order must not be read to preclude pursuit of such post-Petition Date claims or remedies since they were never alleged by Plaintiff in any of the four iterations of

---

[4] DE 466.
[5] DE 69 dated June 5, 2015.
[6] DE 94 dated November 3, 2015.
[7] DE 266 dated April 2, 2018.

1 | Plaintiff's complaints nor has this Court addressed post-Petition Date transactions or
2 | events by the owners or officers of the Defendant entities.

Based on the foregoing, Plaintiff's Motion is hereby denied.

**DATED AND SIGNED ABOVE.**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

Thomas J. Salerno
Alisa C. Lacey
Christopher C. Simpson
Anthony P. Cali
Stinson Leonard Street LLP
1850 N. Central Ave., Ste. 2100
Phoenix, AZ 85004-4584

Dale C. Schian
Scott R. Goldberg
Schian Walker, P.L.C.
1850 N. Central Ave., #2010
Phoenix, AZ 85004-4531

Kim R. Maerowitz
The Maerowitz Law Firm
15300 N. 90th St., #200
Scottsdale, AZ 85260